UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GUILLERMO PEREZ MONTERO,

    Petitioner,

v.                                              Case No: 5:23-cv-337-WFJ-PRL

WARDEN, FCC COLEMAN- USP I,

    Respondent.
_____

**ORDER DISMISSING CASE**

Petitioner, proceeding *pro se*, initiated this case by filing a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). In 1982, a Florida state court sentenced Petitioner to life in prison. Petitioner, a state-convicted inmate, is serving his sentence in the Federal Bureau of Prisons and is housed in FCC Coleman USP I. Petitioner claims that due to his status as a state-convicted inmate, he has been denied access to the benefits offered to the federal prisoners, that he does not have access to any of his trial documents and does not have anywhere to seek relief. Petitioner requests that this court correct the illegality of his life sentence that was ordered to be served in federal prison. *See* Doc. 1.

**Challenge to Conditions of Confinement Not Proper Under 28 U.S.C. § 2241**

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). When a prisoner claims that he is being subjected

to unconstitutional punishment not imposed as part of his sentence, for example, being confined in conditions that pose a substantial risk of serious harm to his health, the claim is properly raised in a civil rights action. *See Muhammad*, 540 U.S. at 750 (requests for relief relating to the circumstances of confinement may be presented in a civil rights action, while challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (claims challenging the conditions of confinement "fall outside th[e] core [of habeas corpus]" and may be brought in a civil rights action); *see also Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("The line of demarcation between a § 1983 civil rights action and a § 2254 habeas claim is based on the effect of the claim on the inmate's conviction and/or sentence.").

To the extent Petitioner claims he is being treated differently due to his status as a state-convicted prisoner, he is challenging the conditions of his confinement, not the validity of his confinement. Thus, his claim falls outside the core of habeas corpus, and should be presented in a civil rights action. If Petitioner wishes to pursue a civil rights claim,[1] he may do so by filing a civil rights complaint form.

**Challenge to State Conviction Not Proper Under 28 U.S.C. § 2241**

While a state prisoner who is in custody pursuant to the judgment of a state court is subject to both 42 U.S.C. §§ 2241 and 2254, he cannot evade the procedural

---

[1] Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

requirements of § 2254 by filing his petition under § 2241. *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003), *cert. denied*, 124 S. Ct. 2098 (2004)). In other words, while applications for writs of habeas corpus are governed by § 2241, a state prisoner's application for a writ of habeas corpus is subject also to the additional restrictions of § 2254.

Notably, the Supreme Court held in *Castro v. United States*, 540 U.S. 375, 383 (2003), that where a lower court decides to recharacterize a *pro se* litigant's motion as a first 28 U.S.C. § 2255 motion, the court must "notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions," and give the litigant a chance to "withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." Here, that same principle applies where a district court recharacterizes a *pro se* pleading as a § 2254 motion because § 2254 motions are also subject to second or successive restrictions. 28 U.S.C. § 2244(b)(1)-(2); *see Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (concluding that the notice requirement applies to "petitions recharacterized as § 2254 petitions"); *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 277-78, 282 (2d Cir. 2003) (concluding that the district court properly treated a *pro se* § 2241 petition challenging a parole revocation hearing as a § 2254 application, but remanding the case so that the petitioner could withdraw his petition to avoid any second or successive restrictions on future applications).

3

Here, Petitioner is attempting to challenge his sentence that was imposed in Florida state court. Therefore, Petitioner is hereby notified that the Court intends to recharacterize the pleading–to the extent he challenges the legality of his sentence–as brought pursuant to § 2254. The recharacterization of the pleading will mean that this petition, and any subsequent petition pursuant to § 2254, will be subject to the restrictions on second and successive petitions.

Accordingly, it is **ORDERED** and **ADJUDGED**:

1. Petitioner shall file a notice with the Court **within 14 days** as to whether he requests a withdrawal of the petition or if he would like to amend the petition so that it might contain all the Section 2254 claims he believes he has. Failure to respond to this Order will result in the dismissal of this case without further notice.

2. Petitioner's conditions of confinement claims are **DISMISSED without prejudice** to Petitioner to pursue a civil rights claim. The **Clerk** shall send Petitioner a blank civil rights complaint form.

**DONE AND ORDERED** at Tampa, Florida, on June 26, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies to: Pro Se Petitioner